UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

HUNTER JORDAN CARTER-RIMBACH,

Plaintiff,

v.

CHULA VISTA POLICE DEPARTMENT; STATE OF CALIFORNIA DEPARTMENT OF MOTOR VEHICLES; SAN DIEGO SUPERIOR COURT,

Defendants.

Case No.: 3:25-cv-3636-JES-DDL

**ORDER GRANTING MOTIONS TO DISMISS**

**[ECF Nos. 11, 13, 19]**

Plaintiff Hunter Jordan Carter-Rimbach ("Plaintiff") brings this action against Chula Vista Police Department ("CVPD"), the State of California Department of Motor Vehicles ("the DMV") and San Diego Superior Court ("the Superior Court") (collectively, "Defendants"). ECF No. 1 ("Compl."). Plaintiff alleges that Defendants improperly issued and attempted to enforce a traffic citation against him. *Id.* Defendants now move to dismiss this action. ECF Nos. 11, 13, 19. The motions have been fully briefed by the parties. For the reasons set forth below, the Court G**RANTS** the motions and **DISMISSES** the entire action with prejudice.

## I. BACKGROUND

On August 18, 2025, Officer Ed Christopher ("Officer Christopher") of the Chula Vista Police Department initiated a traffic stop on Plaintiff for speeding and issued a traffic citation. Compl. ¶¶ 5-6. During the stop, Plaintiff's motor vehicle's plate read "PRIVATE-NOT FOR HIRE" and did not carry a Motor Vehicle Registration Sticker. *Id.* ¶¶ 7-9.

Plaintiff argues that Officer Christopher's citation is unenforceable because it is a "performance bond attached to Driver's License and Motor Vehicle Registration contracts." *Id.* ¶ 44. Plaintiff states that a standard California driver's license is an adhesion contract and that he mistakenly registered his vehicle "without full disclosure" of what he characterizes as "the commercial contractual nature of this transaction." *Id.* ¶ 29. Plaintiff alleges that he did not need to register his vehicle or obtain a driver's license because he does not intend to use his vehicle in a "commercial capacity." *Id.* ¶ 32. He claims the State of California engaged in fraud by taking a security interest in his automobile that was never disclosed as a term of this contract and that "[f]raud vitiates everything." *Id.* ¶ 36.

Plaintiff alleges he sent the Superior Court an "affidavit of distinguishment" and an "affidavit of truth" dated August 18 and 19, 2025, respectively, and that the Superior Court responded by stating that said documents are "frivolous documents being submitted for an improper purpose and are of no legal force or effect." *Id.* ¶¶ 49-51. He alleges that he sent another affidavit and a motion to dismiss to the Superior Court, and the court has not responded. *Id.* ¶¶ 52-53.

Plaintiff states the Superior Court "alleges and continues to allege that Plaintiff owes a debt of $1409.00 for failing to meet contractual requirements" and that the Superior Court "sold the alleged debt to Alliance One Receivables Management, Inc." *Id.* ¶¶ 54-55. Plaintiff's complaint asserts that he sent a cease and desist letter to the Superior Court regarding the collection of the alleged debt. *Id.* ¶ 56.

Plaintiff now brings claims for Deprivation of Rights Under Color of Law, Fraud and Misrepresentation, and Forced Labor. *Id.* ¶¶ 60-65.

//

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim should be granted when the allegations do not "state a claim to relief that is plausible on its face." *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard ... asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (internal quotation marks omitted).

When evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *see Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). Allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). While the court must draw all reasonable inferences from the factual allegations in favor of the plaintiff, *Newcal Industries, Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008), the court need not credit legal conclusions that are couched as factual allegations, *Iqbal*, 556 U.S. at 678-79.

## III. DISCUSSION

As a threshold matter, Plaintiff's first cause of action is subject to dismissal because 18 U.S.C. § 242 is a criminal statute that does not give rise to civil liability. The Court evaluates the remaining claims below.

### A. Claims Against the Superior Court and the DMV

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of

any Foreign State." U.S. Const. Amend. XI. The Eleventh Amendment prohibits federal courts from hearing suits brought against a nonconsenting state or arm of the state. *Franceschi v. Schwartz,* 57 F.3d 828, 831 (9th Cir. 1995).

**1. The Superior Court**

The Superior Court argues that it is entitled to immunity from this suit under the Eleventh Amendment. ECF. No. 11-1 at 6-7. The Court agrees.

The Ninth Circuit has previously held that Eleventh Amendment immunity applies to the Superior Court because it is an arm of the state. *Munoz v. Super. Ct. of Los Angeles Cnty*., 91 F.4th 977, 980 (9th Cir. 2024). Courts in this district have applied this rule to dismiss claims against the San Diego Superior Court specifically. *See, e.g., Ashford v. California Superior Ct. of Cnty. of San Diego,* No. 26-CV-1032 TWR (MSB), 2026 WL 777969, at *2 (S.D. Cal. Mar. 19, 2026).

Plaintiff argues that the Superior Court is a "corporation" without sovereign immunity. ECF No. 14 at 13. He bases his argument on the contention that the Superior Court ignored notarized documents and that "ignoring notarial acts and admitting that the only acceptable documents are specific administrative forms listed on [the Superior Court's] website…. inadvertently [prove] that [the Superior Court] was NOT acting in any judicial capacity." ECF No. 14 at 13, 14. Plaintiff provides no legal support for his position. Additionally, Plaintiff's contention is inconsistent with Ninth Circuit precedent that the Superior Court is an arm of the state and, thus, not a corporation. *See Munoz,* 91 F.4th at 980.

In conclusion, the Superior Court is entitled to immunity under the Eleventh Amendment. The Court **GRANTS** the Superior Court's motion to dismiss on the basis that the Eleventh Amendment bars Plaintiff's claims against it. The Court finds that leave to amend claims against the Superior Court would be futile because the immunity issue cannot be cured, and thus dismisses them with prejudice.

//

//

**2. The DMV**

The DMV argues that it is immune from suit under the Eleventh Amendment because it is a state agency and the State of California has not waived its immunity from common-law tort claims or federal statutory claims. ECF No. 19 at 3. The Court agrees.

It is well established that the California DMV is a state agency with Eleventh Amendment immunity. *See, e.g., Bailey v. Root*, No. 10cv0367 BTM (CAB), 2010 WL 2803950, at *4 (S.D. Cal. July 14, 2010) ("All of Plaintiff's claims against the DMV are barred by the Eleventh Amendment, which prohibits suits against a state or its agencies or departments for legal or equitable relief."); *see also Banks v. Dep't of Motor Vehicles for Cal.*, 419 F. Supp. 2d 1186, 1193–94 (C.D. Cal. 2006); *Sykes v. State of Cal. (Dep't of Motor Vehicles),* 497 F.2d 197, 201 (9th Cir. 1974).

Plaintiff argues that the DMV does not have sovereign immunity because it is "a for-profit business […] operated under the Commerce Clause delegated." ECF No 20 at 9, 10. Plaintiff cites *Galette v. New Jersey Transit Corp.,* 607 U.S. 509 (2026), to argue that the DMV is a state affiliated corporation and cannot claim sovereign immunity. *Id.* at 9. In *Galette*, the Supreme Court held that the New Jersey Transit Corporation was not an arm of the state because it was created as a legally separate entity with corporate powers, liable for its own debts and liabilities. *Galette,* 607 U.S. at 529-30.

The DMV argues that Plaintiff provides no authority for his claims that it is a "corporation" and "for-profit business," and that he does not give cause for the Court to stray from the longstanding recognition of the California DMV as a state agency with Eleventh Amendment immunity. ECF No. 23 at 3. The Court agrees. The factors the Court cited in *Galette* are not present in the California DMV. *See Galli v. State of California*, 98 Cal. App. 3d 662, 675 (1979) (holding that the term "State" includes state agencies); *Sykes*, 497 F.2d at 202 (explain that the DMV is a state agency, not a corporation). Since the DMV is part of the State of California and is not a legally separate corporate entity, it is entitled to Eleventh Amendment Immunity. The DMV's motion to dismiss is therefore **GRANTED** with prejudice, for the reasons stated above.

**3. Claims Against CVPD**

CVPD argues that Plaintiff fails to state a claim against it because his own allegations do not show that it engaged in any conduct giving rise to liability. ECF No. 13-1 at 9-14. The Court agrees.

Plaintiff's claims against CVPD are based upon his allegation that his traffic stop and citation were unlawful.[1] However, Plaintiff's complaint states that he had a license plate stating "PRIVATE – NOT FOR HIRE," which alone is grounds for an officer to stop a car for lack of compliance with state law. Compl. ¶ 8; *see also United States v. Lopez-Soto*, 205 F.3d 1101, 1105 (9th Cir. 2000) (explaining the reasonable suspicion standard applicable to traffic stops). Plaintiff also states that he was stopped for speeding, and that he refused to produce a driver's license, registration, and proof of insurance over the course of the stop. *Id.* ¶¶ 14, 24-25. Officer Christopher issued Plaintiff a traffic citation based on these issues in compliance with applicable regulations. *Id.* ¶¶ 26, 44. Based upon Plaintiff's own recitation of facts, Officer Christopher and the CVPD acted reasonably in the course of Plaintiff's traffic stop. *See generally,* Compl. Thus, even under the lenient treatment afforded to *pro se* litigants, Plaintiff has alleged no facts which would give rise to a claim for unlawful detention, excessive force, unreasonable seizure, malicious prosecution, or forced labor as defined by the Trafficking Victims Protection Act. *See Graham v. Connor*, 490 U.S. 386, 397 (1989) (holding that an objective reasonableness standard governs fourth amendment claims); *Chavez v. Martinez*, 538 U.S. 760, 773 n.5 (2003) (holding the same for fourteenth amendment claims); *Siebel v. Mittlesteadt*, 41 Cal. 4th 735, 740 (2007)

---

[1] In the interest of judicial economy, the Court declines to address Plaintiff's arguments regarding the authority of states to regulate certain categories of drivers. *See generally*, Reply. States may create regulations governing drivers. *Hendrick v. State of Maryland,* 235 U.S. 610, 622 (1915). Driving and travelling are not matters of word play or legalese, but take their plain language definitions. The statutes and regulations at issue here are constitutional and apply to the activity Plaintiff was doing at the time of his traffic stop, which was driving. *See Marbury v. Madison*, 5 U.S. 137, 177 (1803) ("It is emphatically the province and duty of the judicial department to say what the law is.")

(explaining that malicious prosecution requires a prior action brought without probable cause); 18 U.S.C. § 1589(a)(1)-(4) (explaining that the TVPRA requires a showing of serious harm through abuse of legal process). Because there is no colorable basis for any underlying claim giving rise to a section 1983 violation, the Court finds that leave to amend would be futile. The Court thus **DISMISSES** all claims against CVPD with prejudice.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss are **GRANTED.** Plaintiff's claims are **DISMISSED** with prejudice. The Clerk of the Court is **ORDERED** to **CLOSE** this case.

**IT IS SO ORDERED**.

Dated: August 11, 2026

Honorable James E. Simmons Jr.
United States District Judge